**Daniel SIEBERT, Petitioner–Appellant,**

v.

**Richard F. ALLEN, Commissioner, Alabama Department of Corrections, Respondent–Appellee.**

No. 06–11841.

United States Court of Appeals, Eleventh Circuit.

March 7, 2007.

Anne Borelli (Court–Appointed), Leslie S. Smith (Court–Appointed), Montgomery, AL, LaJuana S. Davis (Court–Appointed), Equal Justice Initiative of Alabama, Montgomery, AL, for Petitioner–Appellant.

J. Clayton Crenshaw, Kevin Christopher Newsom, Montgomery, AL, for Respondent–Appellee.

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

BARKETT, Circuit Judge:

Daniel Siebert filed a federal habeas petition pursuant to 28 U.S.C. § 2254 on September 14, 2001 challenging the validity of his conviction and sentence for the murder of Linda Jarman. The district court dismissed it as being untimely filed pursuant to 28 U.S.C. § 2244(d). This court reversed and remanded, finding that his state petition had been properly filed so that his one year federal statute of limitations was tolled, making his federal petition timely. We thus remanded for further proceedings. *Siebert v. Campbell,* 334 F.3d 1018 (11th Cir.2003) ("*Siebert I*"). However, instead of further proceedings, the district court revisited the timeliness issue and again dismissed the petition as untimely, finding that *Pace v. DiGugliel-mo,* 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), superseded our decision in *Siebert I.* We find that the law of the case applies, noting that *Pace* did not address the question presented in *Siebert I,* to wit: a statute of limitations that operated as an affirmative defense. However, rather than continuing piecemeal litigation and revisiting our opinion in *Siebert I* in light of *Pace,* we again reverse and remand for further proceedings, including questions of procedural bar and the resolution of claims which were exhausted on direct appeal.

REVERSED AND REMANDED.